UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__10/8/2025__
```

UNITED STATES OF AMERICA,

                    Judgment Creditor,

      v.

JUAN MERCADO,

                    Judgment Debtor,

and

THE CITY OF NEW YORK DEFERRED
COMPENSATION PLAN,

               Third-Party Respondent.

No. 24 CR 279 (VEC)

**<u>TURNOVER ORDER</u>**

WHEREAS, on January 31, 2025, the Court entered judgment against JUAN MERCADO and ordered him to pay $329,300 in restitution to the victim of his crime;

WHEREAS, as of August 15, 2025, Mercado had not made any payments toward restitution;

WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose on all property and rights to property of Mercado, notwithstanding any other federal law, and the United States may use any federal or state procedure to enforce the judgment;

WHEREAS, pursuant to 18 U.S.C. § 3664(m), Federal Rule of Civil Procedure 69(a)(1) and N.Y. CPLR § 5222, the United States served a restraining notice on the City of New York Deferred Compensation Plan ("NYCDCP") for substantial nonexempt property belonging or due to Mercado;

WHEREAS, on May 7, 2025, NYCDCP answered that it holds approximately $47,903, subject to market fluctuation, in a 457 Plan account belonging to Mercado;

WHEREAS the United States served Mercado with the restraining notice including the exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a), and its motion for turnover order;

WHEREAS, on September 10, 2025, Mercado responded and noted that he has (1) petitioned for his sentence to be commuted and (2) begun to make monthly payments toward his restitution[1] from his commissary account;

WHEREAS nothing that Mercardo asserts is a ground to delay the Government from obtaining funds that belong to him to reduce his restitution obligation; and

WHEREAS Mercado has a substantial nonexempt interest in the funds held by NYCDCP, to which the criminal judgment lien has attached, and the restrained funds are subject to turnover.

IT IS HEREBY ORDERED that NYCDCP shall liquidate securities as needed to pay to the Clerk of Court the full liquidated value, less any deductions required by law, from the nonexempt 457 Plan account it has in its possession, custody, or control belonging to or due the defendant-judgment debtor, JUAN MERCADO. *See* 18 U.S.C. § 3613; *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (affirming garnishment of retirement funds, holding that "the only property exempt from [18 U.S.C. § 3613] is that which the government could not reach for the payment of federal income taxes").

---

[1] The Court understands that Mercardo's August 2025 payment and a portion of the September 2025 payment went toward the $100 special assessment, and the balance of the September 2025 payment and all future payments will be applied to his restitution obligation. *See* Dkt. 68 at 2.

Payment should be made by cashier's check or certified funds to "Clerk of Court"

with "No. 24 CR 279" written on the face of the payment and mailed to:

> United States District Court
> 500 Pearl Street, Room 120
> New York, New York 10007
> Attn: Cashier

Dated: New York, New York          SO ORDERED.
      October 8, 2025

_____
UNITED STATES DISTRICT JUDGE